UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Spencer, #10937-026, ) | C/A No. 3:08-3150-GRA-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Warden Darlene Drew, Federal Prison Camp Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Introduction

The petitioner, Marvin Spencer, proceeding *pro se*, brings this civil action seeking a writ of mandamus against the warden of the prison institution where he is incarcerated.[1] Petitioner is an inmate at the Federal Prison Camp in Bennettsville, South Carolina ("FPC-Bennettsville"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] Essentially, the petitioner claims that his constitutional right to access the courts is being violated, and he seeks equitable relief to force the respondent to repair or replace the broken computer printer in the law library. Because a writ of mandamus action is not appropriate under the circumstances of this case, the petition should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The petition herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Title 28 § 1915(e)(2)(B).  A finding of frivolity can be made where the petition "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Petitioner is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Even if the petitioner had paid the full filing fee upon the commencement of the action, this court is charged with screening the petitioner's lawsuit to identify cognizable claims or to dismiss the

complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Factual Background[3]

The petitioner entitles his civil action, "Writ of mandamus to compel Warden Darlene Drew to obey the right to access to the court mandated by the First Amendment of the United States Constitution and program statements of the Bureau of Prison that protect the right to access the court system." (Docket Entry # 1). It appears that the petitioner arrived at FPC-Bennettsville on or about

---

[3] The facts are taken from the petition for writ of mandamus, the petitioner's affidavit, and several exhibits. (Docket Entry # 1).

June 6, 2008, after serving more than nine years at the federal medical center in Butner, North Carolina, where he received computer training. The petitioner explains that he is informed that the computer *printer* has not been working for two years at FPC-Bennettsville. He alleges that the FPC-Bennettsville law library has discontinued hard copies or books of legal cases because inmates can now access legal cases using computers. The petitioner alleges that with a broken printer he cannot obtain printed copies of the case law that he needs to work on his pending legal issue of seeking a reduction in sentence pursuant to the change in the law regarding crack cocaine sentencing. He asserts that without being able to print out case law he does not have adequate time to read and study the cases to prepare appropriate arguments in his pending legal matter in his effort to assist his attorney. The petitioner alleges that the "Supervisor of Education Ms. Lawson" explained that a new printer costs around $5,000.00, and the petitioner alleges that it is the respondent's responsibility to provide inmates a law library and procedures for access to legal materials. He seeks equitable relief to force the respondent to repair or replace the broken computer printer in the law library or to implement a system that will allow inmates to obtain printed copies of case law.

The petitioner explains that in his effort to obtain a working printer he has written letters to the Education Supervisor, Education Administrator, and the Camp Administrator; he also has directly spoken with and written a letter to the respondent. The petitioner states that upon arriving at FPC-Bennettsville he obtained a job in the law library as "an orderly." After he began to complain about the printer, the camp staff transferred him to a job in the garage.[4] He alleges that other inmates have warned him that if any inmate complained about the state of law library they

---

[4] The exhibits submitted by petitioner reveal that he was dissatisfied with the "orderly" job position and resigned. He wanted the job as "law clerk" but someone else had that job.

were transferred, so the petitioner fears that he may be retaliated against by transferring him to "special housing" pending a transfer away from FPC-Bennettsville. He asserts that he filed a petition for a writ of mandamus because the "extraordinary circumstances" exist for the court to hear the petition, that is, the petition can be heard quickly. He appears to believe that if he filed an ordinary civil action he would be transferred away from FPC-Bennettsville rendering the issue moot.

## Discussion

A writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id. See also In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997). The federal petitioner in this case has other adequate means to attain the relief he desires, namely by filing a *Bivens* action against the same individual for violation of his right to access the courts and seeking equitable relief.[5] This case should be brought as an ordinary

---

[5] In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993) (*citing*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule)).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law
(continued...)

prison condition civil action after administrative remedies are exhausted.[6]  Further, the petitioner's right to issuance of the writ is *not* indisputable because there is no constitutional right to a printer in a law library; the constitution requires that prisoners be provided with adequate law libraries or adequate assistance from persons trained in the law.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).  In other words, an allegation that a law library is subpar may not be a constitutional violation if the prisoner is provided with an attorney.  *Id.* at 351.  The petitioner here alleged that he has an attorney whom he is trying to assist.

      The petitioner appears to argue that extraordinary circumstances exist in this case because he fears that he will be retaliated against by being transferred before the case can be heard.  The potential for retaliation by prison officials exists in any case where a prisoner files a lawsuit against a prison official; thus, potential retaliation is not an extraordinary circumstance.  Even in this case where the petitioner alleges that he already has been retaliated against with regard to his prison job, the petitioner's fear of being sent to a different institution does not render the drastic mandamus remedy appropriate.  *Cf. In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007) (noting that where the constitutional right to trial by jury has been improperly denied a writ of mandamus is the

---

[5](...continued)
involving § 1983 claims is applicable in *Bivens* actions and *vice versa*.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000).

[6] The PLRA requires that a prisoner must exhaust administrative remedies prior to filing any action under federal law with respect to confinement.  42 U.S.C. § 1997e(a) (2000).  The administrative exhaustion requirement is applicable to *Bivens* claims.  *Hicks v. James*, No. 06-6786, *available at* 2007 WL 4190375 at \*\*2 (4th Cir. 2007) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) and *Booth v. Churner*, 206 F.3d 289, 291 (3rd Cir. 2000)).  Notably, pursuant to *Jones v. Bock*, 549 U.S. 199 (2007), failure to exhaust is an affirmative defense under the PLRA.

appropriate procedure). In any event, the Bureau of Prisons' administrative process contemplates that on occasion involving a sensitive matter an inmate may need to bypass the institutional/warden level to complain directly to the Regional Director.[7]

In summary, the writ of mandamus is not available to the petitioner. He should proceed by filing administrative claims with the BOP, and if relief is not granted,[8] he could file an action pursuant to *Bivens*. Accordingly, this action for a writ of mandamus should be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

---

[7] The Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of "an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. §§ 542.10- 542.16. After informal attempts to resolve the matter with staff have failed, the plaintiff must present his claims to the warden of the federal correctional institution in which he is incarcerated. 28 C.F.R. § 542.13(b). If not satisfied with the warden's decision, the plaintiff must appeal that determination to the Regional Director of the Federal Bureau of Prisons, and, if not satisfied with the Regional Director's decision, to the Office of General Counsel. 28 C.F.R.§ 542.15. **Importantly, if the inmate reasonably believes that the inmate's safety or well-being would be placed in danger if the request becomes known at the institution, the inmate may submit the request directly to the appropriate Regional Director and shall clearly mark "Sensitive" upon the request and explain in writing the reason for not submitting the request at the institutional/warden level. 28 C.F.R. § 542.14(d).**

[8] The BOP needs the opportunity to correct its own alleged error and possibly grant relief to the petitioner. *Cf. Moscato v. Fed. B.O.P.*, 98 F.3d 757, 761 (3rd Cir. 1996) (explaining the three reasons to require exhaustion), (cited with approval by *Watkins v. Compton*, No. 04-6943, *available at* 2005 WL 943637 (4th Cir. 2005)).

determine whether they are subject to summary dismissal).  **The petitioner's attention is directed to the important notice on the next page.**

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

November 3, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).